NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERNANDO P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 22cv5578 (EP) <br><br> **OPINION** |

**PADIN, District Judge.**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), following Plaintiff Fernando P.'s application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* The issue before the Court is whether Administrative Law Judge ("ALJ") Beth Shillin[1] erred in finding there was "substantial evidence" that Plaintiff was not disabled since his alleged disability onset date. For the reasons stated below, this Court will **VACATE** the ALJ's decision, and this matter will be **REMANDED** for further proceedings consistent with this Opinion.

---

[1] Unless otherwise noted, references to "ALJ" are specifically to ALJ Beth Shillin.

I.  **PROCEDURAL BACKGROUND**

On July 19, 2013, Plaintiff, then 40 years old, applied for DIB[2] and SSI,[3] which were denied by ALJ Richard West in July 2015, and subsequently affirmed by this Court (Wigenton, J.), on November 27, 2018.  D.E. 3 ("R.") 63-74, 90-104.

Subsequently, on January 28, 2019, Plaintiff, now 46[4] years old, once again applied for DIB and SSI, alleging he became disabled as of April 21, 2017,[5] due to hypertension, Type 2 diabetes, carpal tunnel syndrome, arthritis, sleep apnea, asthma, clogged arteries, and left eye partial vision loss.  R. 115, 239-48, 267.

His application was initially denied, on September 3, 2019.  R. 147-56.  In denying Plaintiff's SSI claim, the decision noted that additional evidence was needed to fully assess the severity of Plaintiff's condition, R. 120.  Notably, Plaintiff's neuropathy was not addressed, R. 115-21, despite the fact that Dr. Stephen Sachs' August 2015 medical consult, which detailed Plaintiff's neuropathy,[6] was considered, R. 117.

On reconsideration, Dr. Francky Merlin's September 2020 medical report was considered in addition to the previously considered record evidence, R. 124-34, but ultimately, Plaintiff's

---

[2] A DIB applicant must establish disability on or before the date last insured.  Plaintiff's date last insured was June 30, 2018.  D.E. 3 ("R.") 15.
[3] An SSI applicant is not eligible for SSI until the month following the date of filing for benefits.  This is in contrast to the relevant period for DIB.
[4] As of September 2023, Plaintiff is 50 years old.
[5] Relevant to Plaintiff's SSI claim, pursuant to 20 C.F.R. § 416.202, a "claimant is not eligible for SSI until, among other factors, the date on which he[] files an application for SSI[,]" and pursuant to 20 C.F.R. § 416.501, a "claimant may not be paid for SSI for any time period that predates the first month he[] satisfies the eligibility requirements, which cannot predate the date on which an application was filed[.]"  *Mariani v. Comm'r of Soc. Sec.*, 2019 U.S. Dist. LEXIS 184326, at *1 n.5 (D.N.J. Oct. 23, 2019).
[6] Dr. Sachs' medical consult states that Plaintiff has "neuropathy" and that he demonstrates "bilateral lower extremity weakness for toe extension at 4/5 . . . , diminished sensation for pin and light touch below the knees bilaterally.  Vibratory sensation is diminished at the toes and normal at the knees . . . ." R. 363; *see also* R. 353, 361.

application was again denied, on September 21, 2020, R. 161-66.  Unlike on initial review of Plaintiff's application, his "mild neuropathy" was at least acknowledged on reconsideration.[7]  R. 131.

Plaintiff then requested and obtained a hearing before the ALJ, which was held on March 9, 2021.  R. 32-59.  On June 29, 2021, the ALJ issued an unfavorable decision.  R. 12-27.  Finally, on July 12, 2022, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision final.  R. 1-6.  Plaintiff now appeals that decision pursuant to 42 US.C. § 405(g).  D.E. 9 ("Br.").  Defendant opposes.  D.E. 12 ("Opp'n").

## II.  LEGAL STANDARD

### A.  Standard of Review

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security made after a hearing."  42 U.S.C. § 405(g).  But the Court's review of an ALJ's decision is limited in scope and is deferential.  *See Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 431 (3d Cir. 1999).  A reviewing court must uphold the ALJ's factual determinations, so long as they are supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.").  A reviewing court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).  Instead, a court's review is limited to determining whether the ALJ applied the correct legal standards and whether the record

---

[7] However, other than Dr. Merlin's observations that Plaintiff has a slow gait, "difficulty getting on/off table," and "uses cane for ambulation," no other references are made to Plaintiff's lower-extremity issues.  R. 129.

3

contains substantial evidence supporting the ALJ's findings of fact.  *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  Following this review, a court may enter "a judgment affirming, modifying, or reversing the [ALJ's] decision . . . , with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

### B. Applicable Five-Step Sequential Evaluation Process for DIB and SSI

The Social Security Administration uses a five-step sequential evaluation process to determine whether a claimant is disabled, within the meaning of the Social Security Act, and thus entitled to DIB and/or SSI.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).  But if the Commissioner finds that a claimant, like Plaintiff, is disabled or is not disabled at any step in the sequential evaluation, then review does not proceed any further.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Under this evaluation process, a claimant is entitled to DIB and/or SSI if he has a physical and/or mental impairment of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity, which exists in significant numbers in the national economy.  42 U.S.C. § 1382c(a)(3)(B).

The claimant bears the burden of proof with respect to steps one through four.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).  Step one requires that the ALJ determine whether the claimant has engaged in any "substantial gainful activity" since the onset of his alleged disability.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Step two requires that the ALJ determine whether the claimant suffers from a "severe impairment" or "combination of impairments."  20 C.F.R. §§ 404.1520(c).  Step three requires that the ALJ determine whether the claimant's impairment is equal to or exceeds one of those impairments listed in Appendix 1 of the regulations ("Listed Impairment").  20 C.F.R. § 404.1520(a), (d).

Step four requires two sub-steps. First, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is defined as "that which an individual is still able to do despite the limitations caused by his [] impairments." 20 C.F.R. §§ 404.1520(e), 416.920(e). In determining the claimant's RFC, the ALJ considers all the claimant's impairments, including any medically determinable non-severe impairments. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). Second, the ALJ must determine whether the claimant's RFC prevents him from doing his past relevant work. 20 C.F.R. § 404.1520(a), (f).

Finally, the Commissioner bears the burden of proof with respect to step five. 20 C.F.R. § 404.1520(f); *Poulos*, 474 F.3d at 92. Step five requires that the ALJ determine whether the claimant can perform other substantial work. 20 C.F.R. § 404.1520(a), (g). The answer is yes if work exists in significant numbers in the national economy that the claimant can perform, given his medical impairments, age, education, past work experience, and RFC. *Id*. If this is true, the claimant is not disabled, and ineligible for DIB and/or SSI. 20 C.F.R. § 404.1520(f).

### III.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process and ultimately concluded Plaintiff was not disabled between the alleged disability onset date, April 21, 2017, through the date of the decision. R. 15-27. Plaintiff does not dispute the ALJ's findings at steps one through three. Similarly, Plaintiff does not dispute the ALJ's finding at step four that Plaintiff could not perform any relevant work as an "HVAC Installer" and "Security Guard." Br. at 9. Instead, Plaintiff disputes: (1) the ALJ's RFC determination at step four, Br. 10-13; and (2) the ALJ's conclusion at step five that other substantial work exists in the national economy for an individual with Plaintiff's RFC, insofar as the ALJ relied on the vocational expert's ("V.E.") testimony, Br. 13-15.

At step four, as relevant here, the ALJ found Plaintiff has the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally crouch, crawl, stoop, kneel, and climb ramps and stairs; but cannot balance, climb ladders, scaffolds or ropes; nor be exposed to heavy machinery or heights. He can frequently handle and finger but is unable to keyboard or type. [He] can occasionally read fine print. He requires the use of cane for ambulation.

R. 21.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" R. 26. In reaching this conclusion, the ALJ relied on the VE's testimony that given all these factors, an individual with Plaintiff's RFC would be able to perform the requirements for the following jobs, which are all classified as "Sedentary," and "Unskilled, SVP 2": (1) "Document Preparer," for which 19,000 jobs exist nationally; (2) "Table Worker," for which 3,000 jobs exist nationally; and (3) "Polisher," for which 2,400 jobs exist nationally.[8] *Id.*

---

[8] Though not explicitly raised as an issue here, this Court adds its voice to the growing chorus of skepticism of the SSA's continued reliance upon the outdated Dictionary of Occupational Titles ("DOT"). *See Rickard v. SSA*, 2009 U.S. Dist. LEXIS 134453, at *24 (M.D.Tenn. Nov. 12, 2009), R. & R. adopted, *Ricard v. Astrue*, 2009 U.S. Dist. LEXIS 116109 (M.D.Tenn Dec. 14, 2009). Indeed, though the Department of Labor itself uses a newer version, called O*Net, the SSA still does not. *See Feeley v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 71690, at *27 (D.N.J. June 3, 2015); Lisa Rein, *Social Security denies disability benefits based on list with jobs from 1977*, Washington Post, Dec. 27, 2022, https://www.washingtonpost.com/politics/2022/12/27/social-security-job-titles-disabled-applicants-obsolete/ ("But after spending at least $250 million since 2012 to build a directory of 21st century jobs, an internal fact sheet shows, Social Security is not using it, leaving antiquated vocational rules in place to determine whether disabled claimants win or lose."); *see also Cunningham v. Astrue*, 360 Fed. App'x 606, 615 (6th Cir. 2010) (remanding to the Commissioner where the two DOT job categories relied on appeared to be obsolete).

IV.  DISCUSSION

A. The ALJ's RFC Determination is Not Supported by Substantial Evidence

Plaintiff challenges whether the ALJ's RFC determination is supported by substantial evidence.  *See* Br. 10-13.  Defendant responds that the record evidence reasonably supports the ALJ's RFC determination.  Opp'n at 8-13.  The Court concludes the ALJ's RFC determination is not supported by substantial evidence.

A court reviewing an appeal from an ALJ decision cannot affirm where the record evidence does not contain substantial evidence supporting the ALJ's findings of fact.  *See* 42 U.S.C. § 405(g); *Rutherford*, 399 F.3d at 552.  Substantial evidence requires "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."  *Rutherford*, 399 F.3d at 552; *see also Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).  Specifically, it requires such relevant evidence as a "reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence."  *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citation omitted).

At step two, the ALJ acknowledged that Plaintiff's "peripheral neuropathy" was a severe impairment, R. 18, but then gave only cursory consideration to this impairment in determining Plaintiff's RFC at step four.  The ALJ pointed to the following evidence of Plaintiff's peripheral neuropathy-related symptoms: (1) Plaintiff's testimony that "he had pain in his legs that limits how far he could walk, and that he uses a cane for ambulation[,]" R. 21; (2) Plaintiff's "reported [] toe cramping at night[,]" and "lower extremity cramps usually at night, about four days per week[,]"

R. 22; and (3) the portion of Dr. Merlin's report noting Plaintiff's "slow gait, some decreased reflexes and sensation in his lower extremities . . . , difficulty getting on an[d] off the examination table, and use of a cane for ambulation . . . , [and] negative straight leg raising[,]" R. 24. Despite acknowledging the existence of this record evidence, it is unclear how—other than with respect to the reference to a cane for ambulation—the ALJ's RFC determination squares with this evidence.

Additionally, the ALJ's analysis seems to overlook other record evidence that Plaintiff's peripheral neuropathy may be more restrictive than what is accounted for in her RFC determination. For example, the ALJ makes no reference to: (1) the portion of Dr. Merlin's report observing Plaintiff has "no response to light touch in [his] right lower extremity . . . There is a response to pinprick only in the lateral aspect of the left ankle; vibratory sensation is absent in all extremities. Reflexes are not elicited in all extremities[,]" R. 468; (2) Dr. Sachs' reports observing Plaintiff demonstrates "bilateral lower extremity weakness for toe extension at 4/5 . . . , diminished sensation for pin and light touch below the knees bilaterally. Vibratory sensation is diminished at the toes[,]" R. 363; and (3) an emergency department report noting Plaintiff's "lower extremity swelling" and "extremity weakness[,]" R. 648. Based on this record evidence, which clearly points to Plaintiff's peripheral neuropathy-related symptoms being severe, the ALJ's RFC determination that Plaintiff "can occasionally crouch, crawl, stoop, kneel, and climb ramps and stairs[,]" R. 20-21, is not a conclusion that is adequately supported by the evidence. *See Steven S. v. Kijakazi*, 2022 U.S. Dist. LEXIS 5951, at *16-17 (D.N.J. Jan. 12, 2022) (finding no reasonable interpretation could find ALJ's RFC determination consistent with the limitation found in medical report). Specifically, the Court cannot "trace the path" from the ALJs reasoning to her conclusion that Plaintiff could reasonably engage in these activities, given the record evidence of his severe peripheral neuropathy-related symptoms. *See Erica S. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist.

8

LEXIS 77621, at *17 (D.N.J. Apr. 28, 2022) (citation omitted) (concluding a reviewing court must be able "to trace the path of the ALJ's reasoning from evidence to conclusion").

Accordingly, because the ALJ's RFC determination is not supported by substantial evidence, the Court concludes the ALJ's decision must be vacated and remanded for further consideration of the record evidence concerning Plaintiff's peripheral neuropathy.[9][10]

## V.  CONCLUSION

For the reasons stated herein, the Court will **VACATE** the ALJ's decision, and this matter will be **REMANDED** for further proceedings consistent with this Opinion.  An appropriate Order accompanies this Opinion.

Dated: September 19, 2023

Evelyn Padin, U.S.D.J.

---

[9] While not explicitly addressed in this Opinion, on remand, the Court recommends that the ALJ explain how the abundant record evidence demonstrating the severity of Plaintiff's retinopathy-related symptoms is encompassed by her RFC determination.

[10] Because the ALJ's decision will be vacated and remanded for further consideration, Plaintiff's argument as to the ALJ's reliance on the V.E.'s testimony at step five need not be addressed here. However, the Court notes that it questions the veracity of the V.E.'s testimony with respect to the "near acuity" issue.